O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

JAN 30 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRENE MONTESINO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. EDCV 12-377 RNB<br><br>ORDER AFFIRMING DECISION OF COMMISSIONER |

　　　The Court now rules as follows with respect to the three disputed issues listed in the Joint Stipulation.[1]

//
//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

A.   **Reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff (Disputed Issue No. 1).**

Disputed Issue No. 1 is directed to the ALJ's adverse credibility determination with respect to plaintiff. (See Jt Stip at 3-14.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986). Under the "Cotton test," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. See Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986); see also Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991) (en banc).

Here, plaintiff testified that she could not work because of pain in her back and hips, which meant that she could only be on her feet for 15 minutes, could only sit for 30 minutes, could only lift weight equivalent to a gallon of milk, and had to lie down several times each day totaling 5 hours. (See AR 45-46.) The ALJ determined that although plaintiff's medically determinable impairment could reasonably be expected to cause some of the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible to the extent they were inconsistent with the ALJ's assessment of plaintiff's residual functional capacity ("RFC"). (See AR 28.)

In support of this adverse credibility determination, the ALJ proffered several reasons. First, the ALJ observed that plaintiff sat throughout the 35-40 minute

hearing without exhibiting any discomfort. (See AR 27.) The Court finds that this constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Drouin v. Sullivan, 966 F.2d 1255, 1259 (9th Cir. 1992) (ALJ may properly rely on his own observations at the administrative hearing as one factor in support of an adverse credibility determination); Verduzco v. Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inclusion of ALJ's personal observations of plaintiff during hearing did not render the decision improper).

Second, the ALJ noted that plaintiff acknowledged that her medication reduced her pain, even though it caused nausea and headaches. (See AR 27; see also AR 45.) The Court finds that this constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) (ALJ's adverse credibility determination properly accounted for physician's report of improvement with medication); Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (ALJ may consider whether treatment produced fair response or control of pain that was satisfactory).

Third, the ALJ noted that plaintiff supervised her young grandchildren for a few hours per day and engaged in daily activities such as cooking for herself, preparing simple dishes for her grandchildren, washing a few dishes, and light cleaning of the bathroom. (See AR 27; see also AR 41, 43.) The Court finds that this constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may properly rely on inconsistencies between claimant's testimony and claimant's daily activities); Morgan, 169 F.3d at 600 (ALJ may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (ability to take care of personal needs, prepare easy meals, do light housework and

3

shop for some groceries "may be seen as inconsistent with the presence of a condition which would preclude all work activity"); see also Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989) (ordinary techniques of credibility evaluation apply in social security cases).

Fourth, the ALJ noted that plaintiff's allegations were greater than expected in light of the objective evidence of record, particularly Dr. Sophon's examination, which indicated that, other than a soft tissue lipoma at the base of plaintiff's posterior neck and some non-painful restriction of movement of her cervical and lumbosacral spine, the findings were unremarkable. (See AR 28-29; see also AR 201.) This inconsistency between plaintiff's testimony and the objective medical evidence of record also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Morgan, 169 F.3d at 600 (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints); Nyman, 779 F.2d at 531 (noting that "a claimant's self-serving statements may be disregarded to the extent they are unsupported by objective findings").

Fifth, the ALJ noted that plaintiff received routine conservative treatment for her physical complaints. (See AR 28; see also AR 195, 227-31, 246.) The Court finds that this constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed).

Sixth, the ALJ noted that plaintiff was observed not using full effort during the grip strength test administered at her consultative examination. (See AR 27; see also AR 198.) The Court finds that this constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. See Thomas, 278 F.3d at 959 (ALJ may properly consider claimant's failure to give maximum or consistent effort during two physical capacity evaluations); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (ALJ properly considered claimant's poor effort during consultative examination).

Seventh, the ALJ noted that plaintiff acknowledged her failure to lose weight despite her doctor advising her that losing weight would be beneficial. The Court is unable to find that this seventh stated reason qualifies as a "clear and convincing" reason for not crediting plaintiff's subjective pain and symptom testimony. See Orn v. Astrue, 495 F.3d 625, 637 (9th Cir. 2007) (failure to follow advice to lose weight was not clear and convincing reason for adverse credibility determination where there was "nothing in the record suggesting that there was any chance of such a prescription succeeding in eliminating or ameliorating [claimant]'s obesity, let alone 'clear evidence' that the treatment would be successful"). However, the Court finds that the ALJ's error in relying on this seventh reason was harmless because the ALJ's six other reasons and ultimate credibility determination were supported by substantial evidence. See Carmickle v. Comm'r, Social Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (holding that ALJ's reliance on two invalid reasons in support of adverse credibility determination was harmless where remaining reasons were adequately supported by substantial evidence).

The Court therefore finds and concludes that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination with respect to plaintiff.

//
//

B. **Reversal is not warranted based on the ALJ's alleged failure to properly consider plaintiff's English skills (Disputed Issue No. 2).**

Disputed Issue No. 2 is directed to the ALJ's consideration of plaintiff's ability to communicate in English at step four of the sequential evaluation process. (See Jt Stip at 14-21.)

Plaintiff testified that she had completed the tenth grade in the United States, that she understood but could not speak English, and that she could read simple instructions in English. (See AR 42.) The ALJ incorporated this limitation into a hypothetical question to the vocational expert (see AR 51), who testified that a person with that limitation could perform plaintiff's past relevant work as a hand packager (see AR 51). According to the Dictionary of Occupational Titles ("DOT"), the job of hand packager (DOT No. 920.587-018) requires "Language Level One," which is defined as the ability to recognize the meaning of 2,500 (two- or three-syllable) words, read at a rate of 95-120 words per minute, and compare similarities and differences between words and between series of numbers. Plaintiff claims that the Language Level One requirement of the hand packager job did not comport with her English language abilities and therefore, the vocational expert's testimony deviated from the DOT without a legally sufficient explanation, pursuant to Pinto v. Massanari, 249 F.3d 840 (9th Cir. 2001). (See Jt Stip at 16-20.)

In Pinto, 249 F.3d at 843, the claimant had a third grade education in El Salvador and spoke "very little English," but a vocational expert testified that a person with those limitations could perform the claimant's past relevant work as a hand packager, which required Language Level One. The Ninth Circuit held that the ALJ erred in relying on the vocational expert's testimony because the testimony deviated from the DOT without a legally sufficient explanation; that is, "neither the ALJ nor the vocational expert addressed the impact of [the claimant]'s illiteracy on

6

her ability to find and perform" the hand packager job. See id. at 847.[2]

Here, however, since plaintiff's English language abilities clearly exceeded those of the claimant in Pinto, the vocational expert's testimony did not deviate from the DOT. In contrast to the claimant in Pinto, plaintiff had a tenth grade education in the United States and was able to understand and read simple instructions in English. Moreover, the ALJ made two observations about plaintiff's English language abilities: (1) at the administrative hearing, plaintiff used a Spanish language interpreter, but plaintiff sometimes answered questions in English before the interpreter had completed translating the question; and (2) plaintiff spoke English during her field office interview, although she indicated she preferred Spanish. (See AR 28.) The ALJ reasonably could have inferred from such evidence that plaintiff had the ability to recognize 2,500 (two- or three-syllable) words, read at a rate of 95-120 words per minute, and compare similarities and differences between words and between series of numbers. Accordingly, the Court finds that the ALJ did not err in concluding that plaintiff could meet the requirements of Language Level One of the hand packager job. See, e.g., Meza v. Astrue, 2011 WL 11499, at *21 (N.D. Cal. Jan. 4, 2011) (claimant with third grade education in Mexico and who was "illiterate in English" could perform jobs requiring Language Level One); Landeros v. Astrue, 2012 WL 2700384, at *1, *5 (C.D. Cal. July 6, 2012) (same where claimant had third grade education and did not speak English).

---

[2] The Court rejects the Commissioner's argument that Pinto is inapposite because illiteracy may not even be properly considered at step four of the sequential evaluation process. (See Jt Stip at 20.) The Ninth Circuit rejected that argument in Pinto because the ALJ never invoked such a reason to deny benefits and because the ALJ did in fact refer to the claimant's limited language skills in the step four determination, see Pinto, 249 F.3d at 847-48, which also applies to the ALJ's reasoning here.

7

C. **Reversal is not warranted based on the ALJ's alleged failure to properly consider plaintiff's obesity (Disputed Issue No. 3).**

Disputed Issue No. 3 is directed to the ALJ's consideration of plaintiff's obesity. (See Jt Stip at 21-23.)

Based on evidence that plaintiff was 4 feet 10 inches tall and weighed 206 pounds, the ALJ found that plaintiff's obesity was a "severe" impairment at step two of the sequential evaluation process. (See AR 25, 28.) Plaintiff contends that the ALJ erred by failing to account for plaintiff's obesity in the remainder of the sequential evaluation process. (See Jt Stip at 21-22.)

The Court finds and concludes that reversal is not warranted based on the alleged failure of the ALJ to properly consider plaintiff's obesity. The ALJ considered plaintiff's obesity at all steps of the sequential evaluation process, evidenced by the ALJ's findings that plaintiff's gait was normal, that she evidenced no difficulties in sitting or getting on and off an examination table, and that her physical examination was mostly unremarkable. (See AR 28.) Moreover, plaintiff has failed to point to any other medical evidence of functional limitations imposed by her obesity that the ALJ failed to consider in the remainder of the sequential evaluation process. See Burch v. Barnhart, 400 F.3d 676, 683-84 (9th Cir. 2005) (ALJ properly considered claimant's obesity where obesity was considered in RFC determination and where claimant failed to set forth any evidence of functional limitations imposed by obesity that the ALJ failed to consider).

*******************

IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: January 30, 2013

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

8